UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00730-KDB

| | |
|---|---|
| SARIKO ANTONIO JONES, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>)<br>UNION COUNTY SHERIFF )<br>OFFICE/JAIL, et al., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 5].

**I.  BACKGROUND**

Pro se Plaintiff Sariko Antonio Jones ("Plaintiff") is a pretrial detainee currently incarcerated at the Union County Jail (the "Jail") in Monroe, North Carolina. On August 7, 2024, Plaintiff filed this action pursuant to 42 U.S.C. § 1983,[1] naming as Defendants "Union County Sheriff Office/Jail" and FNU LNU, identified as the "officer working control booth 7/22/24." [Doc. 1]. Plaintiff purports to name Defendants in their individual and official capacities. [Id. at 2]. Plaintiff alleges as follows.

On July 22, 2024, at approximately 11:20 a.m., Plaintiff, a Muslim, was getting ready for prayer, but could not see the clock from his cell. He "hit the button for the time" and was "denied

---

[1] Plaintiff also purports to bring this action under Bivens. [Doc. 1 at 3]. Because Bivens, which allows for redress for constitutional violations by federal actors in limited circumstances, plainly does not apply here, the Court will not address it further. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971).

the time" by Defendant FNU LNU, who was working the control booth at the time. Plaintiff has to pray "on time" or "its invalid." [Doc. 1 at 3-5]. Christians at the Jail "get religious material for free" from the Chaplain, while Muslims have to purchase the Quran. [Doc. 1-1 at 1-2]. Plaintiff also believes he has been fed pork at the Jail and has "heard they did not celebrate [R]amadan for the other fellow [M]uslims in the past." [Id. at 3, 5; Doc. 1-1].

Plaintiff claims that Defendants discriminated against him and violated his right to practice his religion.[2] [Doc. 1 at 3; Doc. 1-1 at 1]. Plaintiff alleges having suffered "mentle [*sic*] shock" and high blood pressure.[3] [Id. at 5]. Plaintiff seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore,

---

[2] The Court will address those claims fairly raised by Plaintiff's Complaint.

[3] In his request for relief, Plaintiff also alleges having been denied his high blood pressure medication. [Doc. 1 at 5]. To the extent Plaintiff intends to state a medical deliberate indifference claim, this allegation is insufficient, and the Court declines to address it further.

2

a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023). Plaintiff's Complaint fails initial review for several reasons.

#### A. Defendant "Union County Sheriff Office/Jail"

Neither a jail nor a Sheriff's Office is a "person" or legal entity subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Mayden v. McFadden, No. 3:23-cv-568-MOC, 2024 WL 762358, at *3 (W.D.N.C. Feb. 21, 2024). The Court, therefore, will dismiss this Defendant.

#### B. Free Exercise and RLUIPA

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that: (1) he held a sincere religious belief and (2) that his religious practice has been substantially burdened by a prison policy or practice. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989); Greenhill v. Clarke, 944 F.3d 243, 253 (4th Cir. 2019). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner, 482 U.S. at 89). "A substantial burden either puts pressure on a person to change his religious beliefs or puts that person to a choice between

abandoning his religion or following his beliefs and losing some government benefit." Firewalker-Fields v. Lee, 58 F.4th 104, 114 (4th Cir. 2023) (citing Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)). If that threshold showing is made, the prisoner must then show that the practice or regulation is not "reasonably related to legitimate penological interests." Id. (quoting Turner, 482 U.S. at 89).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) provides "greater protection for religious exercise than is available under the First Amendment." Ramirez v. Collier, 152 S.Ct. 1264, 1277 (2022) (quoting Holt v. Hobbs, 574 U.S. 352, 357 (2015)). The RLUIPA provides that no government may "impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... unless the government demonstrates that imposition of the burden on that person ... is in furtherance of a compelling governmental interest ... [and] is the least restrictive means of furthering that compelling governmental interest." Faver v. Clarke, 24 F.4th 954, 959-60 (4th Cir. 2022) (quoting 42 U.S.C. § 2000cc-1(a)). A "substantial burden" has the same meaning under the First Amendment and RLUIPA, that is, "a substantial burden is one that puts substantial pressure on an adherent to modify his behavior and to violate his beliefs or one that forces a person to choose between following the precepts of [his] religion and forfeiting governmental benefits, on the one hand, and abandoning the precepts of [his] religion on the other hand." Greenhill v. Clarke, 944 F.3d 243, 250 (4th Cir. 2019) (citing Lovelace, 472 F.3d at 187). Once an inmate makes the initial requisite showing, the burden shifts to the government to show that the prison policy is the least restrictive means of further a compelling governmental interest under RLUIPA. Id.

The "compelling governmental interest" clause must be read to accord "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations

4

and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Cutter v. Wilkinson, 544 U.S. 709, 723 (2005) (citation omitted); see also Greenhill v. Clarke, 944 F.3d 243, 250 (4th Cir. 2019). In this regard, "RLUIPA [is not meant] to elevate accommodation of religious observances over an institution's need to maintain order and safety." Cutter, 544 U.S. at 722; see also Couch v. Jabe, 679 F.3d 197, 201 (4th Cir. 2012).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff has failed to state a free exercise or RLUIPA claim against Defendant LNU. Even assuming that Plaintiff's religious beliefs are sincerely held, Defendant LNU's single instance of refusing to tell Plaintiff the time does not constitute a substantial burden on Plaintiff's religious practice. Bynum v. Poole, No. 1:15CV960, 2017 WL 5466702, at *4 (M.D.N.C. Nov. 13, 2017) (granting summary judgment for defendant prison official on plaintiff's First Amendment and RLUIPA claims based on cancellation of a single religious service) (citation omitted); see also Brown v. Graham, 470 Fed. App'x 11, 15 (2nd Cir. 2012) (holding that failure to provide prisoner plaintiff a kosher meal on a single occasion is not a substantial burden under the RLUIPA); Wofford v. Austin, No. 1:16-cv-1145, 2016 WL 6275340, at *3 (W.D. Mich. Oct. 27, 2016) (finding that a single incidence of a cross-contaminated Ramadan meal does not constitute a violation of the First Amendment or RLUIPA).

Plaintiff's allegation that he "believes" he was fed pork is too vague and speculative to state a claim for relief. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must

5

allege facts, directly or indirectly, that support each element of the claim). Plaintiff fails to allege who was responsible for feeding him pork or whether such individual knew Plaintiff's religion prohibited him from eating pork. Even if Plaintiff had so alleged, as noted, a single incidence of contaminated food does not violate the First Amendment or RLUIPA.

As for Plaintiff's claim that the Jail does not recognize Ramadan, Plaintiff's allegations suggest that he was not detained at the Jail at that time and that he attempts to bring the claim on behalf of his fellow Muslim detainees. He cannot do this. If Plaintiff was denied the opportunity to participate in Ramadan, he may bring a claim on his own behalf.

### C. "Discrimination"

Plaintiff claims he has suffered discrimination because Muslim detainees at the Jail must purchase their own Qurans while Christian detainees are given "religious material" by the Chaplain. The Court considers this claim as one brought under the Fourteenth Amendment's Equal Protection Clause.

To state an equal protection claim, Plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). Here, Plaintiff fails to allege any non-conclusory, intentional discriminatory motive for the Jail's alleged disparate provision of religious materials. Plaintiff, therefore, has failed to state an equal protection claim, and the Court will dismiss it.

### D. Official Capacity Claims

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38). Here, Plaintiff sues Defendant LNU in his official capacity based solely on the allegation that Defendant LNU refused to give Plaintiff the time. Because Plaintiff does not allege that an official policy was the moving force behind Defendant LNU's conduct, the Court will dismiss Plaintiff's official capacity claim against him.

The Court will allow Plaintiff to amend his Complaint to state a claim for relief in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in

accordance with the terms of this Order. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Union County Sheriff Office/Jail is hereby **DISMISSED** as a Defendant in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: August 21, 2024

Kenneth D. Bell
United States District Judge